**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-07833-JW |
| | Chapter 13 |
| McQuiata Monique Lee, | **ORDER** |
| Debtor(s). | |

      This matter comes before the Court upon the Amended Objection to Confirmation of Plan ("Objection") filed by Green Tree Servicing, LLC, as servicer for Bombardier Capital, Inc. ("Green Tree").

      Green Tree objects to confirmation of Debtor's chapter 13 plan on the basis that the Plan does not comply with 11 U.S.C. §1325(a)(5). Specifically, the plan does not propose adequate payments in order to protect the interest of Green Tree in the collateral, a 1999 Heartland mobile home, VIN HHINC3508AB ("Mobile Home"). Additionally, Green Tree objects to any modification of its rights by Debtor as she is not a party to the underlying contract and may not, therefore, value Green Tree's claim under 11 U.S.C. § 506. In the Joint Statement of Dispute and Stipulation and at the hearing on the Objection, Debtor asserted that she has standing to value Green Tree's claim in her plan because she holds an equitable interest in the Mobile Home by way of a resulting trust. Debtor also argues that Green Tree's Objection is barred by res judicata, judicial estoppel, unclean hands, and/or collateral estoppel. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §1334. The Court makes the following Findings of Fact and

Conclusion of Law pursuant to Fed. R. Civ. P. 52, which is made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014(c).[1]

## FINDINGS OF FACT

1. On or about July 28, 1999, Debtor's mother, Angela Lee, entered into Retail Install Contract ("Contract") with Green Tree for the purchase of the Mobile Home.

2. The certificate of title to the Mobile Home lists Angela Lee as the owner of the Mobile Home and Green Tree as the first lienholder. Debtor has no title interest in the Mobile Home.

3. Angela Lee filed for bankruptcy in 2009, apparently in an effort to save the Mobile Home. After Green Tree objected to Angela Lee's initial valuation of the Mobile Home in her chapter 13 plan, the parties settled the objection and agreed to value the Mobile Home at $16,000.00. Her plan was confirmed, but the case was dismissed with prejudice for non-payment in August of 2010.

4. Debtor filed a Chapter 13 voluntary bankruptcy petition on October 31, 2010.

5. Debtor's schedules and statements indicate that Debtor does not own any real property. Debtor listed the Mobile Home in Schedule B and claimed an exemption in the amount of $15,662.00 in the Mobile Home. Green Tree is listed in Schedule D as a secured creditor, secured by the Mobile Home.

6. Green Tree filed a proof of claim indicating the value of the Mobile Home and the amount of its secured claim both as $68,036.35.

---

[1] To the extent any of the following Findings of Fact constitute Conclusion of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also so adopted.

7. Debtor's amended plan filed February 10, 2011 ("Amended Plan"), includes a motion pursuant to 11 U.S.C. § 506 to establish the value of Green Tree's lien at $15,662.00.

8. In the Amended Plan, Debtor proposes to pay Green Tree $338.00 per month, along with 5.25% interest, until the secured claim of $15,662.00 is paid in full. The remaining portion of Green Tree's allowed claim will be treated as a general unsecured claim.

9. At the hearing, Angela Lee testified that Debtor received a settlement check on June 21, 2006 and gave her $8,000.00 from that settlement to pay to Green Tree. According to Angela Lee, she paid this money to Green Tree in 2007 by sending two Western Union payments. One Western Union receipt was admitted into evidence indicating a payment of $5,000.00 was sent by Angela Lee. Angela Lee testified that she could not locate the other Western Union receipt.

10. In association with this payment, Angela Lee testified that there was an understanding between Debtor and her that when the Mobile Home was paid off, it would be given to Debtor.

11. Debtor, who is now twenty-three years old, testified that she has been contributing to the household since she began working at age sixteen. She asserted that she gives Angela Lee approximately $350 per month and this money is purportedly used for the Mobile Home payments.

12. Debtor also asserted that on one occasion she made a payment in the amount of $725.00 directly to Green Tree.

13. Both Debtor and Creditor submitted NADA reports on the Mobile Home's value without objection. Debtor's NADA report valued the Mobile Home at $14,348.67, while Green Tree's report valued the Mobile Home at $19,922.00. The most significant difference between the two reports is that Debtor's report adjusted the value based on the Mobile Home being in "poor" condition, while Green Tree's made no such adjustment.

14. Creditor also offered a handwritten appraisal report from an appraiser who viewed the Mobile Home. The appraiser was not present at the hearing. Debtor objected to this appraisal being admitted into evidence on the grounds that the appraisal was hearsay. The Court took the objection under advisement.[2]

## CONCLUSIONS OF LAW

It is undisputed that Debtor does not have a legal interest in the Mobile Home; therefore, the Court will address whether Debtor has an equitable interest in the Mobile Home sufficient to value and treat Green Tree's claim in Debtor's chapter 13 plan.

**I.    Resulting Trust**

Pursuant to 11 U.S.C. §1322(b)(2), a chapter 13 plan may modify the rights of creditors who hold a "claim" against the estate. See In re Trapp, 260 B.R. 267 (Bankr. D. S.C. 2001). Section 541(a) defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In Trapp, the debtor sought to repay a creditor's mortgage lien through her plan although the note and mortgage had been executed by the prior owners of the property, which was subsequently conveyed to the debtor. The debtor held legal title to the property but had not assumed the note and mortgage. The creditor sought relief from

---

[2] The Court sustains Debtor's objection based upon the arguments made at the hearing.

4

stay on the grounds that there was no relationship between the debtor and the creditor. This Court held that the chapter 13 debtor who owned real property could cure the mortgage through the plan, even though there was no contractual privity between the debtor and the creditor holding the mortgage. Under 11 U.S.C. § 101(2), the definition of "claim against the debtor" includes a "claim against property of the debtor." Thus, the creditor held a "claim" against debtor's estate even though no contractual privity existed. See also In re Davis, C/A No. 10-02249-jw (Bankr. D.S.C. Oct. 12, 2010) (finding that even though the debtor had no contractual relationship with the mortgage creditor, the real property was property of the estate since the debtor held title to the real property); In re Flores, 345 B.R. 615, 617 (Bankr. N.D.Ill. 2006) (holding *in rem* claims can be included in a Chapter 13 plan). Even though contractual privity is not required to cure a mortgage through a chapter 13 plan, a debtor must demonstrate that the creditor has a "claim against property of the debtor." In Trapp, it was undisputed that the debtor had legal ownership of the property in question. In this case, Debtor does not have legal ownership of the Mobile Home. Therefore, the Court must analyze whether Debtor has an equitable interest in the Mobile Home.

Debtor argues that Green Tree has a claim against her property because she has an equitable interest in the Mobile Home pursuant to a resulting trust. As the case law cited in the Joint Statement of Dispute and Stipulation alludes, the ability of debtors to modify contracts in a chapter 13 plan also extends to claims against the property of the debtor when the debtor holds only equitable title to the property at issue. The theory of a resulting trust allows a debtor to hold an equitable interest in property without holding legal title. In re Rivers-Jones, C/A No. 07-02607-W (Bankr. D.S.C. Sept. 4, 2007), 2007

5

Bankr. LEXIS 2992 at *8 (Bankr. D.S.C. Sept. 4, 2007).  Under South Carolina law, a resulting trust arises in equity "to effectuate the intent of the parties in certain situations where one party pays for property, in whole or in part, that for a different reason is titled in the name of another." Bowen v. Bowen, 352 S.C. 494, 575 S.E.2d 553, 556 (2003). The Court in Rivers-Jones further indicated that "generally, when property is conveyed to one person and the consideration is paid by another a resulting trust arises in favor of the party who pays the purchase money because it is presumed that the payor intended a benefit to himself." Rivers-Jones, at *9.

In Rivers-Jones, the debtor entered into an oral agreement with Ms. Wiggleton, her grandmother, whereby Ms. Wiggleton would sign a contract and obtain financing for the purchase of a mobile home, and the debtor would be responsible for all payments on the loan.  Additionally, the creditor accepted payments directly from the debtor for approximately 10 years, Ms. Wiggleton did not reside in the mobile home, and the debtor paid the property taxes and maintained an insurance policy on the mobile home in her name. Id. at *2. The Court held that the debtor had an equitable interest in the mobile home based on the theory of a resulting trust.

The facts of this case do not give rise to a resulting trust. First, no testimony or evidence presented sheds light on the intent of the debtor and her mother, Angela Lee, at the time of the original Contract in 1999.[3] While the testimony of Angela Lee indicated her desire that Debtor receive the Mobile Home at some point in the future, this agreement was neither memorialized in writing nor definite. The situation presented in this case is distinguishable from the type of arrangement found in Rivers-Jones, whereby one party pays substantially all of the consideration and another holds title.  In Rivers-

---

[3] The court notes that Debtor was a minor at the time the Mobile Home was purchased.

6

Jones, the debtor not only made all of the payments directly to the creditor, but also lived in the mobile home, whereas the grandmother, the obligor on the note, did not live in the mobile home.

In this case, except for the one payment made from Debtor's checking account, all of Debtor's purported contributions on the loan were given to Angela Lee. Debtor also asserts that she gives her mother money each month to make payments to Green Tree and that Angela Lee agreed to give her the Mobile Home once it was paid off. However, she has presented no evidence to document such payments or such an agreement. Even if the Court accepts that Debtor gave her mother money each month, this money may have been used to contribute to other household expenses, such as food and utility bills, and not dedicated to payments to Green Tree. Notwithstanding Debtor's assertions that she made a lump sum contribution of $8,000.00 towards the Mobile Home payments, the Western Union receipt in the amount of $5,000.00 shows Angela Lee as the sender. Further, Angela Lee and Debtor both live in the Mobile Home as part of a family unit and Debtor has had no regular or direct communications with Green Tree. The facts in this case represent a division between a true equitable owner through a resulting trust and someone who merely has shared possession of the property.

## II.    Possessory Interest

This Court has previously addressed and rejected the argument that a debtor having mere possession of property is sufficient to establish an equitable interest in the property such that the property constitutes property of the estate. In In re Anderson, C/A No. 04-1278-jw (Bankr. D.S.C. Apr. 15, 2004), debtors argued that their personal presence in the property was a sufficient interest to make the property part of their

7

bankruptcy estate. In rejecting such an argument, this Court recognized that debtors "should, at the very least, demonstrate some good-faith, colorable claim to or basis for possession of" property. Id. at *5 (citing St. Clair v. Beneficial Mortgage Co. (In re St. Clair), 251 B.R. 660, 666-67 (Bankr. D.N.J. July 25, 2000), aff'd, 281 F.3d 224 (3rd Cir. 2001)). See also Twin Rivers Lake Apt. Horizontal Prop. Regime, Inc. v. Wallner, 2006 U.S. Dist. LEXIS 48555, at *26 (D.N.J. July 18, 2006) (holding that in the absence of a colorable legal interest, the debtor did not have a "possessory interest" sufficient to invoke the automatic stay).

In In re Johnson, 429 B.R. 540 (Bankr. D.S.C. 2010), the Court rejected the debtor's argument that having possession of personal property was sufficient to establish an equitable interest in such property in order to trigger the automatic stay. The Court found that the debtor had failed to demonstrate a good-faith, colorable claim or basis for possession of the personal property, a truck. The truck was leased in the name of the debtor's employer only, and the debtor received paychecks from her employer indicating that her right to use the truck arose from her position as an employee of the company. Similarly, in In re Brittain, 435 B.R. 318 (Bankr. D.S.C. 2010), the Court thoroughly examined the prior case law involving equitable interest in collateral and found, among other things, that the debtors' possession of the collateral was as agent or representative of a LLC, and that such possessory interest was not protected by the automatic stay. Brittain, 435 B.R. at 324.

In this case, Debtor has failed to prove that she has a good-faith, colorable claim to or basis for possession of the Mobile Home. Debtor has merely resided in the Mobile Home with her family since it was purchased her 1999. Debtor has no legal interest in

the Mobile Home and has failed to establish an equitable interest through a resulting trust. Debtor asserting that she has a claim to the Mobile Home pursuant to a resulting trust without presenting convincing evidence, aside from self-serving testimony, is insufficient to demonstrate any equitable interest in the Mobile Home.

Since Debtor has no legal or equitable interest in the Mobile Home, the Mobile Home does not constitute property of Debtor's bankruptcy estate. Therefore, Debtor may not treat the claim by Green Tree in her bankruptcy case, including efforts to value the claim. Green Tree's Objection is sustained and confirmation is denied.[4]

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**02/28/2011**



*John E Waites*

Chief US Bankruptcy Judge
District of South Carolina

Entered: 03/01/2011

---

[4] While it is unnecessary for the Court to address the issues relating to the valuation of the Mobile Home, including whether Green Tree's Objection is barred by res judicata, collateral estoppel, unclean hands and/or judicial estoppel, the Court finds these principals are inapplicable to this case.

9